JACK HEALER v. STATE.
No. A-1670.   Opinion Filed June 28, 1913.
Appeal from Washington County Court;
James T. Shipman, Judge.

J. R. Charlton, for plaintiff in error.

Chas. West, Atty. Gen., and C. J. Davenport, for the State.

PER CURIAM.  Jack Healer, plaintiff in error, was convicted of the crime of unlawfully selling whisky and was, on December 1st, 1911, in accordance with the verdict of the jury, sentenced to be confined in the county jail for sixty days and to pay a fine of two hundred fifty dollars. From this judgment an appeal was attempted to be taken by filing in this court on March 30th, 1912, a petition in error with case-made. When the cause was called for final submission the Attorney General filed a motion to dismiss the appeal for the reason that said appeal was not taken within the time prescribed by the statute, in that no order was made extending the time beyond the sixty days allowed by law in which to perfect an appeal. For this reason the motion to dismiss the appeal is sustained and the cause remanded to the county court of Washington county with direction to enforce its judgment and sentence.

HARVEY NEWMAN v. STATE.
No. A-1669.   Opinion Filed June 28, 1913.
Appeal from Washington County Court;
James T. Shipman, Judge.

J. R. Charlton, for plaintiff in error.

Chas. West. Atty. Gen. and C. J. Davenport, for the State.

PER CURIAM.  Harvey Newman, plaintiff in error was convicted of the crime of having unlawful possession of intoxicating liquor with the intent to sell the same, and was on the 18th day of November, 1911, sentenced in accordance with the verdict of the jury to be confined in the county jail for thirty days and pay a fine of fifty dollars. From this judgment an appeal was attempted to be taken by filing in this court, March 16th, 1912, a petition in error with case-made.

When the case was called for final submission the Attorney General filed a motion to dismiss the appeal for the reason that said appeal was not taken within the time prescribed by the statute, in that no order was made extending the time beyond the sixty days allowed by law within which to perfect an appeal. For this reason the motion to dismiss the appeal is sustained and the cause remanded to the county court of Washington county with direction to enforce its judgment and sentence therein.